Filed 3/30/22  P. v. Baranovych CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C094047 |
| Plaintiff and Respondent, | (Super. Ct. No. CR-2020-200) |
| v. | |
| VLADISLAV LEONIDOV BARANOVYCH, | |
| Defendant and Appellant. | |

Defendant Vladislav Leonidov Baranovych appeals his conviction for felony grand theft.  He claims that the trial court erred in allowing evidence of prior burglarious acts to be considered by the jury, and then by confusing the jury with improper instructions.  He claims that his conviction cannot stand, as the jury likely convicted him based on a desire to punish him for his prior acts.  We affirm.

BACKGROUND

Defendant was charged with grand theft (Pen. Code, §§ 484, subd. (a), 487, subd. (a)–count 1) and receiving stolen property (Pen. Code, § 196, subd. (a)–count 2) after he was found in possession of items taken from Pedro S.'s vehicle.  Pedro, a law

1

enforcement officer, lived with his wife Michaela A. in an apartment complex. One morning, Pedro and Michaela discovered that someone had rummaged through Pedro's Ford Explorer, which was locked the night prior. Several items were missing from the car including two dash cameras, Pedro's work laptop, a baby stroller, a backpack, and a small pendant. Pedro later discovered an iPhone also was missing. Pedro estimated that the items taken were worth over $950 in total; the laptop alone would cost approximately $1,000 to replace.

Pedro reviewed footage from his home security cameras. Only one person was captured on video. At about 4:00 that morning, someone walked near Pedro's vehicle holding Pedro's work laptop, which Pedro recognized by an inventory sticker. The videos did not provide a clear image of the person's face, but he was wearing white slippers and walked with a distinct limp that made a very distinct shuffling noise. The jury saw and heard the footage from the security cameras.

Pedro reported the incident to the police. He also reported the theft to his employer and learned he would have to pay to replace the laptop. To mitigate his losses, he decided to look in nearby pawnshops for his property. Michaela went with him. On the way to the pawnshops, Pedro stopped to see if any of his property ended up at a nearby homeless encampment. Michaela saw defendant carrying a laptop in a pink bag. She recognized him as wearing the same clothes and making the same distinctive shuffling noise as the person from the surveillance video. She alerted Pedro to defendant. Pedro saw defendant had a phone in his possession and realized it must be the iPhone he stored in his vehicle.

Identifying himself as an off-duty police officer, Pedro told defendant to stop. Defendant started speaking incoherently. According to Pedro, defendant "said something to the effect that it was okay, he just spoke with . . . the sheriff, and he said it was okay." Pedro detained defendant and Michaela called 911. Police responded and arrested defendant.

2

Pedro testified that he was able to identify his phone and laptop through serial numbers. Defendant did not have permission to possess the property.

The jury also heard evidence of a prior incident in which defendant was involved. Officer Travis Hudelson testified that in 2017, he was called to the same apartment complex as in the instant case. There, Hudelson spoke with two individuals, one of whom was defendant. Defendant was in possession of a smartphone with a pink case that did not belong to him. Defendant also had picks, files, and "shaved keys," tools consistent with picking locks. The other person had a "FasTrak" device on him. Hudelson found discarded mail from FasTrak addressed to Denielle A. in a nearby bush. Denielle testified that in 2017 police came to her apartment and told her someone broke into her car. She said she had a FasTrak device and a cell phone with a pink case in her car. Denielle had never seen defendant before and had not given anyone permission to access her car, take her phone or her FasTrak device.

The jury returned a guilty verdict on count 1 (grand theft) and found the value of the theft exceeded $950. The jury could not reach a verdict on count 2 (receiving stolen property). The court declared a mistrial on count 2 and granted the prosecution's motion to dismiss the charge. The court sentenced defendant to county jail for 948 days with credit for time served. Appellant filed a timely notice of appeal.

DISCUSSION

I

*Evidence of Prior Acts*

Defendant argues that the trial court erred in admitting evidence of the 2017 incident under Evidence Code section 1101, subdivision (b).[1] He claims that his intent to deprive Pedro and Michaela of their belongings was never in dispute and the prejudicial

---

[1]    Undesignated statutory references are to the Evidence Code.

effect of the evidence of the other acts outweighs its probative value. Defendant faults the trial court for failing to engage in the balancing test required by section 352 and further argues that counsel's failure to object to the admissibility of this evidence as too prejudicial under section 352 constituted ineffective assistance of counsel. We affirm.

A.    *Additional background*

Before trial, the prosecutor filed a motion to introduce evidence of defendant's involvement in two prior crimes under section 1101, subdivision (b). The prosecutor argued that evidence of the other crimes was admissible to show intent and its probative value outweighed any prejudice. Defendant objected, arguing there were insufficient similarities between offenses, but the trial court admitted the evidence for the limited purpose of establishing defendant's intent in the instant case. The trial court did not admit one of the uncharged offenses but allowed the evidence of the 2017 prior uncharged offense to be admitted.

B.    *Analysis*

Generally, evidence of a person's prior criminal acts is inadmissible to prove a person's propensity to commit similar acts on a separate occasion. (§ 1101, subd. (a).) This rule does not affect the admissibility of evidence to prove some other relevant fact, such as an element of the offense. (§§ 1101, subds. (b), (c), 210.) To admit evidence of other crimes, (1) the fact sought to be proved must be material; (2) the other crimes evidence must tend to prove or disprove the material fact; and (3) the admission of the other crimes evidence must not violate any extrinsic policy requiring exclusion. (*People v. Thompson* (1980) 27 Cal.3d 303, 315, superseded on other grounds as stated in *Clark v. Brown* (9th Cir. 2006) 442 F.3d 708, 714, fn. 2.) In particular, the court may exclude relevant evidence "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (§ 352.)

We review the trial court's ruling under sections 1101 and 352 for abuse of discretion. (*People v. Cole* (2004) 33 Cal.4th 1158, 1195.) A trial court abuses its discretion when deciding whether to admit evidence only when it acts in an "arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9-10.)

We note that although defendant objected to the prior acts evidence, he did not raise an objection under section 352. To preserve our review of admissibility under section 352, an objection must be made on that ground. (*People v. Williams* (1988) 44 Cal.3d 883, 906.) Thus, defendant forfeited his appeal on undue prejudice grounds. Anticipating forfeiture, defendant asserts his counsel provided ineffective assistance by failing to object to the prior acts evidence pursuant to section 352. Because we conclude the trial court did not abuse its discretion in admitting the prior crimes evidence, "defendant's contention that his trial counsel's 'failure to assert the proper objection [under sections 352 and 1101] constitutes ineffective assistance of counsel' necessarily fails." (*People v. Carter* (2005) 36 Cal.4th 1215, 1257, fn. 29.)

Here, evidence of the 2017 incident supported a rational inference of intent, which was a material fact sought to be proved. To be material, the fact in question must be either an ultimate fact (such as an element of the offense) or an intermediate fact from which the ultimate fact may logically and reasonably be inferred. (*People v. Thompson, supra*, 27 Cal.3d at p. 315 & fn. 13.) However, for the ultimate fact to be material it must be actually in dispute or at issue. (*Id.* at p. 315.)

Defendant claims that when the perpetrator broke into Pedro's SUV, the perpetrator took several items, most of which were not recovered. As a result, defendant argues, the perpetrator's intent to deprive Pedro of his property was never in dispute. We disagree. First, by pleading not guilty, defendant put all the elements of the charged offenses in dispute. (*People v. Scott* (2011) 52 Cal.4th 452, 470.) Next, defendant's argument ignores the fact that he was never charged with, or proven to be, the burglar;

5

any intent the burglar had could not be imputed to defendant. Rather, defendant was charged with grand theft, which required the People to prove an intent to either permanently deprive the owner of the property or to deprive the owner of a major portion of the value or enjoyment of the property (1) when defendant took possession of property owned by someone else, without the owner's consent; and (2) that defendant moved and kept the property. (Pen. Code, § 484; CALCRIM No. 1800.)

Here, the evidence was undisputed that defendant was found in possession of Pedro's laptop and phone, without permission, while walking down the street the next day. Contrary to defendant's claim, the only remaining question was defendant's intent in possessing these items. Defendant's purported statement to Pedro that "it was okay, he just spoke with . . . the sheriff, and he said it was okay," could be interpreted as a desire to conform with the law, i.e., return the items, or simply as casting doubt on defendant's intent to deprive Pedro of his property.

The other crimes evidence helped the jury determine defendant's intent in possessing Pedro's property, as the instances were sufficiently similar to reasonably infer that defendant had the same intent each time. (See *People v. Scott, supra*, 52 Cal.4th at p. 471.) In 2017, defendant was found in possession of a phone belonging to Denielle A. that she left in her car overnight as it was parked at her apartment complex. In the instant case, defendant was caught in possession of a phone and laptop Pedro left in his car overnight, in the same apartment complex as Denielle. These circumstances shared substantially similar characteristics to warrant the inference of defendant's intent while possessing those items was the same on each of the occasions.

Nor does the admission of the other crimes evidence violate any extrinsic rule or policy requiring exclusion. Initially, we disagree with defendant's contention that the trial court failed to weigh the prejudice of the other crimes evidence against its probative value as required under section 352. Although the record must affirmatively show that this weighing took place, "the necessary showing can be inferred from the record despite

6

the absence of an express statement by the trial court." (*People v. Prince* (2007) 40 Cal.4th 1179, 1237.) Here, the record indicates that the prosecutor addressed whether the probative value of the prior acts was substantially outweighed by undue prejudice under section 352 in the written motion. The trial court considered the claims presented in writing and at the hearing and excluded evidence of an older uncharged offense while admitting the 2017 offense. Although the court did not expressly state that it weighed the evidence, we may infer from its ruling that it did so and that it determined that the probative value of evidence of prior uncharged act outweighed any undue prejudice. (See *People v. Carter* (2005) 36 Cal.4th 1114, 1151-1152 [where the parties submitted the issue to the court on the strength of their thoroughly prepared written arguments and the trial court indicated it had reviewed such submissions, the weighing process contemplated by section 352 may be inferred].)

The record supports the conclusion that the 2017 prior act was probative on the central issue of intent and outweighed any prejudice to defendant by its admission. The facts surrounding the prior act were not so outrageous as to risk inflaming the passions of the jury against defendant. (See *People v. Karis* (1988) 46 Cal.3d 612, 638 ["prejudice" referred to in section 352 applies to evidence which uniquely tends to evoke an emotional bias against the defendant while having very little effect on the issues].) Moreover, the court specifically instructed the jury not to consider the 2017 prior acts to show that defendant had a bad character or was predisposed to commit crime. (CALCRIM No. 375.) The limiting instruction served to reduce any prejudice resulting from evidence of the 2017 prior act. (See *People v. Carter, supra*, 36 Cal.4th at p. 1151.)

We conclude the trial court's admission of the evidence of the prior criminal acts did not amount to an arbitrary or capricious ruling and there was no abuse of discretion.

## II

### *Jury Instructions*

Defendant argues that references to an "uncharged offense" in jury instructions CALCRIM Nos. 375 and 1700 likely confused the jury into believing that defendant was never charged for the 2017 offense and therefore increased the danger that he would be found guilty in this case out of a desire to punish him for prior criminal acts. He argues that the instructions should have been modified to refer to a "prior offense" or "prior act," and the jury should have been informed defendant was previously charged relating to the prior acts. We disagree.

A. *Additional background*

During a conference regarding proposed jury instructions, the trial court invited the parties to comment about CALCRIM No. 375 regarding prior bad acts, and CALCRIM No. 1700, defining second degree burglary as the prior bad act. Neither party objected to CALCRIM No. 375. Defendant objected to instructing with CALCRIM No. 1700 on the basis that the jury might be confused by the definition of an additional charge. Defendant declined to offer any modification suggestions upon a subsequent invitation by the court.

B. *Analysis*

"Generally, a party may not complain on appeal about a given instruction that was correct in law and responsive to the evidence unless the party made an appropriate objection. [Citation.]" (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1087; see *People v. Hudson* (2006) 38 Cal.4th 1002, 1011-1012; *People v. Andersen* (1994) 26 Cal.App.4th 1241, 1249.) Here, defendant did not object on the basis that the jury may convict him out of a desire to punish him for the prior crime. Nor did defendant offer any modifications that would address such a concern. As a result, defendant forfeited this issue on appeal.

To avoid a claim of forfeiture, defendant contends the instructions were so confusing that his trial counsel was ineffective for failing to lodge the proper objection. To prevail on such a claim, a defendant must show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that prejudice flowed from counsel's act or omission. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [80 L.Ed.2d 674, 693-694, 697-698].)

We reject defendant's contention that the instructions were confusing. The jury was instructed on reasonable doubt (CALCRIM No. 220) and that the prior offense of second degree burglary offered to prove intent "was not charged in this case." (CALCRIM No. 375.) The use of the term "uncharged offense" is specifically identified as appropriate when, as here, the court admits evidence of uncharged conduct amounting to a criminal offense. (See Judicial Council of Cal., Crim. Jury Instns. (Aug 2016 ed.) Bench Notes to CALCRIM No. 375.) Finally, the jury was instructed that evidence defendant committed another uncharged offense had limited application in that it was only one factor to consider in determining whether the People proved all the elements of the charged offenses beyond a reasonable doubt. These instructions properly informed the jury's use of evidence of prior offenses and minimized the risk defendant would be convicted based on his conduct in the prior offenses by properly focusing the jury on the requirement that each element of the charged offense must be proven beyond a reasonable doubt. (See *People v. Frazier* (2001) 89 Cal.App.4th 30, 42.) We must assume, absent contrary evidence, that the jury followed the trial court's instructions. (*People v. Mickey* (1991) 54 Cal.3d 612, 689, fn. 17.) Because defendant's claim of ineffective assistance of counsel is premised entirely on his claim that the instructions were confusing, this claim fails.

9

## DISPOSITION

The judgment and sentences are affirmed.

      KRAUSE      , J.

We concur:

      RAYE      , P. J.

      BLEASE      , J.